UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, *et al.* (on Behalf of Themselves and Similarly Situated Certificate Holders),<br><br>Plaintiffs,<br><br>- against-<br><br>THE BANK OF NEW YORK MELLON (as Trustee Under Various Pooling and Servicing Agreements),<br><br>Defendant. | Civil Action No. 1:11-cv-05459 (WHP) |

### PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS

Plaintiffs[1] submit this short Sur-Reply to address new "authority" that BNYM relied on in its Reply Memorandum of Law (ECF No. 26) ("Reply Memorandum"), but did not cite or rely on in its opening Memorandum of Law in Support of its Motion to Dismiss (ECF No. 19) ("Opening Memorandum"). *See City of Livonia Employees' Retirement System v. Essner*, No. 07-cv-10329, 2009 WL 1809984, at *3 n.1 (S.D.N.Y. June 25, 2009) ("a movant may not raise new arguments in a reply submission").

BNYM has argued, incorrectly, that mortgage-backed securities certificates ("Certificates") issued pursuant to a Pooling and Service Agreement ("PSA") are not debt

---

[1] Plaintiffs are the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago, Westmoreland County Employee Retirement System, City of Grand Rapids General Retirement System, and City of Grand Rapids Police and Fire Retirement System (collectively, "Plaintiffs").

securities and are therefore not subject to the Trust Indenture Act ("TIA"), 15 U.S.C. §77ddd(a)(1). In its Opening Memorandum, BNYM grounded that argument in a number of treatises and letters that supposedly show that Certificates are equity, not debt. (ECF No. 19, at 7-11). Plaintiffs explained in their response Memorandum of Law ("Response Memorandum") that those "authorities" ignore controlling case law, do not even purport to rely on or state legal rules, and, in several instances, actually demonstrate that Certificates are debt. (ECF No. 22, at 16-18). In its Reply Memorandum, instead of attempting to rehabilitate those treatises and letters, which it cannot do, BNYM primarily relies on a new set of "authorities" that also supposedly show that Certificates are not debt. (ECF No. 26, at 3). As set forth below, the new authorities provide BNYM no support and share the same flaws as the original ones.

First, BNYM relies on what it describes as an "SEC. . . interpretation" of the TIA to support its argument that Certificates are not debt. (ECF No. 26, at 3). But, as the SEC clearly states on its website, the interpretation is in fact made by the staff at one of the SEC's divisions, specifically "the staff of the Division of Corporate Finance." *Available at* http://sec.gov/divisions/corpfin/cfguidance.shtml. According to the SEC, because such interpretations "represent the views of the staff, they are not legally binding." *Available at* http://sec.gov/interps.shtml. The Division of Corporate Finance goes even further in disqualifying its staff interpretations:

> ***The interpretations presented below reflect the views of the staff of the Division of Corporate Finance. They are not rules, regulations, or statements of the Commission. Further, the Commission has neither approved nor disapproved these interpretations.***
>
> ***These positions do not necessarily contain a discussion of all material considerations necessary to reach the conclusions stated, and they are not binding due to their highly informal nature. Accordingly, these responses are intended as general guidance and should not be relied on as definitive.*** There can be no assurance that the information presented in

> these interpretations is current, as the positions expressed may change without notice.

*Available at* http://sec.gov/divisions/corpfin/cfguidance.shtml (emphasis added). Just as that description warns, the three conclusory sentences that BNYM cites in its Reply Memorandum, which do not include a single line of analysis, represent the staff's entire interpretation. *Available at* http://sec.gov/divisions/corpfin/guidance/tiainterp.htm. That BNYM did not cite this interpretation in its Opening Memorandum, notwithstanding that its counsel, as the author of a "leading" treatise on the TIA (ECF No. 22, at 16), almost certainly knew of it, indicates that even BNYM recognizes the interpretation's grave shortcomings.

Indeed, under *United States v. Mead Corp.*, 533 U.S. 218 (2001), which BNYM relies on in its Reply Memorandum (ECF. No. 26, at 3), this self-described "highly informal" interpretation, which lacks any discussion of the "considerations necessary to reach [its] conclusions," is not entitled to any deference. *Mead* held that tariff classification rulings by the United States Customs Service, "like interpretations contained in policy statements, agency manuals, and enforcement guidelines. . . are beyond the *Chevron* pale" and not binding on courts. 533 U.S. at 234 (internal quotations omitted). It further held that, while "an ***agency's*** interpretation may merit some deference," that deference is "proportional to its power to persuade." *E.g.*, *id*. at 234-35 (emphasis added) (internal quotations omitted). As an initial matter, an interpretation by the staff of the Division of Corporate Finance, that the SEC expressly disowns, is not an "agency interpretation" that can qualify for limited deference. Even if it is, the interpretation at issue here provides no supporting analysis, let alone any attempt to persuade readers of its correctness, and thus merits no deference. Moreover, given that lack of analysis, it is not clear that the interpretation actually supports BNYM's position, but, assuming that it does,

it is incorrect for all the reasons stated in Plaintiffs' Response Memorandum.  (*See* ECF No. 22, at 13-18).

Second, BNYM also cites several new treatises in its Reply Memorandum, which it did not cite in its Opening Memorandum, for the proposition that Certificates are not debt.  (ECF No. 26, at 3).  Like the original treatises, the new ones do not actually provide BNYM with any support, because, rather than rely on any authority, they simply state what they believe the law should be.  (*See* ECF No. 22, at 16-18).  Had BNYM been able to cite a single case in its Reply Memorandum that supported its position, and that contradicted the many cases cited by Plaintiffs which find that Certificates are debt (ECF No. 22, at 13), BNYM surely would have done so rather than resort to yet another collection of lawyers' opinions.

The new treatises are also flawed, because, like the original treatises, they rely on the argument that irrespective of what securities actually do, by avoiding certain words and employing tortured language when describing the securities, a Trustee can transform debt into equity and evade its responsibilities under the TIA.  (*See* ECF No. 22, at 18).  However, even BNYM has apparently abandoned that hollow argument.  When confronted with the inconvenient fact that the PSAs expressly refer to "Principal" and "Interest" payments, BNYM replied that the precise language used is not important, and made the following analogy:

> *"the test cannot be merely the name given to the security.  Conceivably there may be preferred shares going by the name of bonds, and bonds going by the name of preferred shares."*

(ECF No. 26, at 5) (emphasis added) (quoting *Jewel Tea Co. v. United States*, 90 F.2d 451, 452-53 (2d Cir. 1937) (L. Hand, J.)).  Likewise, as Plaintiffs have demonstrated, the Certificates are debt, based not only on the language of the PSAs, but, more importantly, on their substance.  (ECF No. 22, at 13-16).

Accordingly, for the reasons set forth herein and in Plaintiffs' Response Memorandum, the Court should deny BNYM's Motion to Dismiss.

Dated: February 3, 2012                    SCOTT+SCOTT LLP

/s/ Max R. Schwartz
Beth A. Kaswan (BK 0264)
Max R. Schwartz (MS 2517)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel: (212) 223-6444
Fax: (212) 223-6334
bkaswan@scott-scott.com
mschwartz@scott-scott.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2012, I caused the foregoing Sur-Reply in Further Opposition to the Bank of New York Mellon's Motion to Dismiss to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 3, 2012.

/s/ Max R. Schwartz
Max R. Schwartz (MS 2517)
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

*Counsel for Plaintiffs*