```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/13
```



SCOTT + SCOTT

**MEMO ENDORSED**

February 28, 2013

BY E-MAIL AND FIRST-CLASS MAIL

RECEIVED
1 2013

Hon. William H. Pauley
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 11D
New York, NY 10007-1312

Re: *Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago v. The Bank of New York Mellon*, No. 11-cv-05459-WHP

Dear Judge Pauley:

    I am a member of Scott+Scott, LLP ("Scott+Scott"), counsel to the Plaintiffs in the above-referenced action, and am writing to respectfully request a conference to clarify the discovery obligations of Bank of New York Mellon ("BNYM"), in light of this Court §1292(b) certification of its April 3, 2012 order and the pending §1292(b) petitions for interlocutory appeal. Plaintiffs are also seeking an order fixing a final date for third-party Bank of America ("BofA") to complete its supplemental document searches and productions, so that Plaintiffs can either complete taking their depositions in accordance with the existing scheduling order, or propose an extension of the dates in the order. Currently fact discovery is scheduled to end on April 26, 2013.

    Specifically, on February 18, 2013, I sent Paula Lin, counsel for BNYM, an e-mail requesting proposed dates for certain BNYM employees to appear for their depositions. When I did not receive a response with proposed dates, on February 22, 2013 I noticed the deposition of five BNYM employees, with the deposition of the first BNYM employee, Courtney Bartholomew, to be held on March 8, 2013. On February 27, 2013, Ms. Lin advised me that she objected to producing Ms. Bartholomew for deposition in light of the §1292(b) petitions. BNYM has not asked for a stay or a protective order.

    With respect to BofA, Scott+Scott discovered that there were major holes in its search and production of Countrywide documents following Scott+Scott's review of depositions and documents publicly filed by the S.E.C. for its opposition to Mr. Mozilo's and other defendants' motions for summary judgment in *Securities Exchange Commission v. Mozilo*, CV09-3994-JFW (MANx), 2010 WL 365608 (C.D. Cal. Sept. 16, 2010) and following depositions taken in the related BNYM $8.5 billion settlement case. Since December 2012, I and Max Schwartz of Scott+Scott have engaged in virtually continuous "meet & confers" with counsel from Goodwin

Proctor LLP ("Goodwin") and Wachtell, Lipton, Rosen & Katz ("Wachtell")[1] to obtain agreement on search terms to complete BofA's production, and for various categories of missing documents. On January 9, 2013, January 30, 2013 and February 8, 2013 agreements for additional productions were reached (see attached), and although Goodwin has stated that it will begin a rolling production within the next week, none of these documents have yet to be produced. Nor has there been a final agreement on search terms to perform a supplemental search of BofA's emails. Finally, based upon testimony of witnesses in the *Mozilo* action, Scott+Scott requested that BofA produce per loan data from its electronic "EPS System" that appears to identify which of the mortgage loans in the Trusts were made pursuant to "exceptions" to Countrywide's underwriting standards. Goodwin refused to produce this information claiming burden, apart from a sample of the mortgage loans in the Trusts. Importantly, Goodwin has been unwilling to identify an outside date to complete its productions.

Without an order to BNYM to produce its witnesses when noticed for deposition, and to BofA for a date to complete even the productions it has agreed to make, Plaintiffs cannot meet the April 26, 2013 discovery cut-off (or other deadlines in the scheduling order), or propose a revised scheduling order. Accordingly, Plaintiffs respectfully request that this Court schedule a conference to discuss these matters.

Respectfully,
SCOTT+SCOTT, LLP

Beth A. Kaswan

Attachment

cc via e-mail and first class mail:
Paula Lin
John Falvey
Jeffrey Hoschander

*[Handwritten order:]* Application denied. The parties and Bank of America Corporation are directed to meet and confer regarding the issues raised in this letter. Under this Court's individual practices, the parties may then submit a joint letter raising any remaining discovery disputes.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
3/6/13

---

[1] The attorneys from Goodwin included John Falvey, Matthew Lindenbaum and Stephen Hoeplinger; and the attorneys from Wachtell included Jeffrey Hoschander, A.J. Martinez, J.S. Minan and J.V. Rodriguez.