UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Plaintiff, v. THE BANK OF NEW YORK MELLON, Defendant. | ) | Civil Action No. 11-cv-5459 (WHP) |

**NON-PARTY, DIGITAL RISK, LLC'S OBJECTION TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rule of Civil Procedure 45(c)(3), non-party Digital Risk, LLC ("Digital Risk"), hereby responds and objects to the Plaintiff's subpoena dated March 6, 2013, and the production of documents, information and objects requested therein (individually, the "Request," and collectively, the "Requests" or the "Subpoena"), as follows:

**OBJECTIONS TO THE DEFINITIONS AND THE INSTRUCTIONS**

The following Objections to the Definitions and the Instructions apply to each individually numbered Request set forth in the Subpoena and shall have the same force and effect as if set forth in full in response to each Request:

1. Digital Risk objects to the defined term "Bank of New York Mellon" and "BNYM" as vague, overly broad and unduly burdensome to the extent that it purports to include any person or entity not under the direct control of The Bank of New York Mellon Corporation, including attorneys, accountants, advisors or other agents or representatives. Digital Risk further objects to the defined term "Bank of New York Mellon" and "BNYM" to the extent that it purports to encompass The Bank of New York Mellon Corporation (or any of its successors and assigns,

including their officers, employees, agents and/or any person or entity acting on their behalf) acting in any capacity other than its limited capacity to which the above referenced proceeding relates to.  Digital Risk requests (i) a refined definition of "BNYM," which includes, but is not limited to, a defined list of subsidiaries and affiliates; and (ii) an exhaustive list of the potential capacities in which BNYM may have served.

2. Digital Risk further objects to the defined term "Countrywide" as vague, overly broad and unduly burdensome to the extent that it purports to include any person or entity not under Countrywide's direct control, including attorneys, accountants, advisors or other agents or representatives.

3. Digital Risk further objects to the defined term "Digital Risk" as vague, overly broad and unduly burdensome to the extent that it purports to seek information not within the possession, custody or control of Digital Risk.

4. Digital Risk further objects to Instructions Nos. 1-8 to the extent that they call for a log of any documents redacted or withheld from production pursuant to claims of attorney-client privilege, work-product protection or other basis for withholding as impractical, unduly burdensome and costly and expensive.  Should Digital Risk be required to respond, Digital Risk would request all costs and expenses associated with production of documents including but not limited to forensic imaging, third-party vendors, copying costs, attorney fees, and etc. pursuant to Rule 45(c) of the Federal Rules of Civil Procedure. Inadvertent production of any confidential, privileged, or work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim of privilege that may otherwise attach thereto nor a general waiver of such claim or privilege.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request 1**

Documents sufficient to identify all engagements of Digital Risk relating to Countrywide mortgages or Countrywide MBS in which BNYM was involved in any capacity, whether or not it was BNYM who engaged Digital Risk, including, but not limited to engagements in which either Fannie Mae or Freddie Mac was also involved in any capacity.

5. Digital Risk incorporates its Objections to the Definitions and the Instructions and further objects to this Request as vague, overly broad and unduly burdensome to the extent that it seeks documents that are not limited solely to the above referenced proceeding.

6. Digital Risk further objects to the Request as overly broad to the extent that it is not limited in duration. Digital Risk requests that the Plaintiff narrow the scope of the request to identify only the engagements in which BNYM served in a capacity as trustee to Countrywide MBS.

7. Digital Risk further objects to this Request as seeking documents protected by the attorney-client privilege, work-product doctrine and/or other privileges and immunities, and to the extent it seeks documents within the possession, custody or control of parties to the proceeding.

8. Digital Risk further objects to the term “engagement” as undefined, vague, overly broad and unduly burdensome to the extent that the Request may include “engagements” unrelated to the above referenced proceeding.

9. Digital Risk further objects to the term “relating” as undefined, vague, overly broad and unduly burdensome to the extent that such term could be used in any variety of contexts.

10. Digital Risk further objects to the phrase “any capacity” as undefined, vague, overly broad and unduly burdensome to the extent that it requires Digital Risk to interpret those

actions of other non-parties such as Countrywide, Countrywide MBS, Fannie Mae and Freddie Mac.

11. Digital Risk requests a definition of the term “Countrywide MBS.”

**Request 2**
For the engagements identified in response to Request 1, all documents describing the scope of engagements.

12. Digital Risk incorporates its Objections to the Definitions and Instructions, and further objects to this Request as vague, overly broad and unduly burdensome to the extent that it seeks documents that are not limited solely to the above referenced proceeding.

13. Digital Risk further objects to this Request as vague, overbroad, unduly burdensome and duplicative of Request 1.

14. Digital Risk further objects to this Request as seeking documents protected by the attorney-client privilege, work-product doctrine and/or other privileges and immunities, and to the extent it seeks documents within the possession, custody or control of parties to the proceeding.

15. Digital Risk further objects to the term “engagement” as undefined, vague, overly broad and unduly burdensome to the extent that the Request may include “engagements” unrelated to the above referenced proceeding.

**Request 3**
For all of the engagements identified in response to Request 1, all analysis, reports, conclusions, or similar work product that Digital Risk generated pursuant to those engagements, whether in a draft or final form, and all documents referring or relating to communications between Digital Risk and BNYM, regarding any such work product.

16. Digital Risk incorporates its Objections to the Definitions and the Instructions, and further objects to this Request as vague, overly broad and unduly burdensome to the extent


that it seeks documents that are not limited solely to the above referenced proceeding.

17. Digital Risk further objects to this Request as seeking documents protected by the attorney-client privilege, work-product doctrine and/or other privileges and immunities, and to the extent it seeks documents within the possession, custody or control of parties to the proceeding.

18. Digital Risk further objects to the term "engagement" as undefined, vague, overly broad and unduly burdensome to the extent that the Request may include "engagements" unrelated to the above referenced proceeding.

Date: March 25, 2013

                DIGITAL RISK, LLC

                /s/Xin Liang Zhu
                Xin Liang Zhu (XZ-0509)
                2301 Maitland Center Parkway, Suite 165
                Maitland, FL
                Telephone: (407) 921-8844
                Facsimile: (407) 309-4364
                Email: azhu@digitalrisk.com

**CERTIFICATE OF SERVICE**

I, Xin Liang Zhu, hereby certify that on March 25, 2013, I caused a true and correct copy of the attached **NON-PARTY, DIGITAL RISK, LLC'S OBJECTION TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to be served via electronic mail and via USPS first class mail postage prepaid, upon each of the persons identified on the Service List annexed hereto.

Date: March 25, 2013

/s/Xin Liang Zhu
Xin Liang Zhu

**SERVICE LIST**

***VIA ELECTRONIC MAIL:***

Anne L. Box
Scott + Scott, L.L.P.
707 Broadway, Suite 1000
San Diego, CA 92101
abox@scott-scott.com

Deborah Clark-Weintraub
Scott + Scott L.L.P.
500 Fifth Avenue, 40th Floor
New York, NY 10110
dweintraub@scott-scott.com
efile@scott-scott.com

Joseph Peter Guglielmo
Scott + Scott, L.L.P.
405 Lexington Avenue, 40th Floor
New York, NY 10174
jguglielmo@scott-scott.com
tcrockett@scott-scott.com
efile@scott-scott.com
aslaughter@scott-scott.com

Beth Ann Kaswan
Scott + Scott, L.L.P.
405 Lexington Avenue, 40th Floor
New York, NY 10174
bkaswan@scott-scott.com
efile@scott-scott.com
aslaughter@scott-scott.com

Max Raphael Schwartz
Scott + Scott, L.L.P.
405 Lexington Avenue, 40th Floor
New York, NY 10174
mschwartz@scott-scott.com
efile@scott-scott.com

David R. Scott
Scott + Scott, L.L.C.
500 Fifth Avenue, 40th floor
New York, NY 10110
drscott@scott-scott.com
efile@scott-scott.com

Christopher James Houpt
Mayer Brown LLP
1675 Broadway
New York, NY 10019
choupt@mayerbrown.com
jmarsala@mayerbrown.com

Matthew D. Ingber
Mayer Brown LLP
1675 Broadway
New York, NY 10019
mingber@mayerbrown.com
jmarsala@mayerbrown.com

Paula Garrett Lin
Mayer Brown LLP
1675 Broadway
New York, NY 10019
plin@mayerbrown.com

James H. Forte
Saiber, Schlesinger Satz & Goldstein, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102-5311
jhf@saiber.com

***VIA USPS:***

Geoffrey M. Johnson
Scott + Scott, L.L.P.
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106