# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, et al. (on Behalf of Themselves and Similarly Situated Certificate Holders),<br><br>Plaintiffs,<br><br>- against-<br><br>THE BANK OF NEW YORK MELLON (as Trustee Under Various Pooling and Servicing Agreements),<br><br>Defendant. | Civil Action No. 1:11-cv-05459 (WHP)<br><br>**PLAINTIFFS' NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION** |

Plaintiffs, by their attorneys, hereby give notice that they will take the deposition of Defendant Bank of New York Mellon ("BNYM") pursuant to Fed. R. Civ. P. 30(b)(6). The deposition will take place at the offices of Scott+Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Avenue, 40th Floor, New York, New York, 10174, at 9:30 a.m. on March 29, 2013.

Pursuant to Rule 30(b)(6), BNYM's designee(s) to testify shall be qualified and prepared to testify during the examination fully and knowledgeably regarding the subject matters set forth in the attached Exhibit "A".

The deposition will be taken in accordance with and for all purposes permissible under the Fed. R. Civ. P., and will be recorded by stenographic and videographic means.

1

DATED: March 8, 2013

By: SCOTT+SCOTT LLP
BETH A. KASWAN
MAX R. SCHWARTZ

The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY  10174
Telephone: 212/223-6444
Facsimile: 212/223-6334
bkaswan@scott-scott.com
mschwartz@scott-scott.com

*Counsel for Plaintiffs*

# EXHIBIT A

I. <u>Definitions</u>

1. "Bank of America Corporation" or "BAC" means Bank of America Corporation including its agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliate.

2. "Bank of New York Mellon" or "BNYM" means Defendant Bank of New York Mellon including its agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliate.

3. "Countrywide" means Countrywide Financial Corporation ("CFC") including Countrywide Home Loans, Countrywide Securities Corporation, Countrywide Home Loan Servicing, LP, and CFC's other agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliates.

4. "Trusts" means the mortgage-backed securities ("MBS") trusts at issue in this Action.

II. <u>Deposition Subject Matter</u>

Pursuant to Rule 30(b)(6), BNYM shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matter:

1. The transactions from July 2008 and November 2008 ("Transactions") through which Countrywide merged into a BAC subsidiary named Red Oak Corporation and through which BAC acquired substantially all of the assets and operations of Countrywide, while purportedly leaving Countrywide with its contingent liabilities including for repurchases of mortgage loans that breached representations and warranties Countrywide made to MBS trusts; any internal

deliberations at BNYM related to those Transactions; and any actions that BNYM took or considered taking related to those transactions.

2. The lawsuit entitled *Bank of New York Mellon v. Countrywide Financial Corp.*, No. 3935-VCP (Del. Ct. Ch.), which BNYM brought on behalf of indenture trusts organized by Countrywide, following certain of the Transactions discussed in Point 1; the conduct of BNYM, BAC, and Countrywide which gave rise to that lawsuit; the settlement of that lawsuit, including BAC's agreement to assume the liabilities of Countrywide's servicing entities with respect to the trusts on whose behalf BNYM had sued; and any other matters at issue in that lawsuit.

3. Any conduct, communications, or agreements by which BNYM, as Trustee of the Trusts, consented to or accepted BAC as the successor Master Servicer for the Trusts, following the Transactions discussed in Point 1; any internal deliberations at BNYM regarding such conduct, communications, or agreements; and any other actions that BNYM took or considered taking, as Trustee of the Trusts, regarding those Transactions.

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) Deposition was served this 8th day of March, 2013, upon the following via e-mail:

Matthew D. Ingber
Paula Garrett Lin
Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
mingber@mayerbrown.com
plin@mayerbrown.com
choupt@mayerbrown.com

*Attorneys for Defendant*

/s/ Max R. Schwartz
Max R. Schwartz