# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO (on Behalf of Themselves and Similarly Situated Certificate Holders), <br><br> Plaintiffs, <br><br> - against- <br><br> THE BANK OF NEW YORK MELLON (as Trustee Under Various Pooling and Servicing Agreements), <br><br> Defendant. | Civil Action No. 1:11-CV-05459 (WHP) |

**PLAINTIFFS' AMENDED NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION**

Plaintiffs, by their attorneys, hereby give notice that they will take the deposition of Defendant Bank of New York Mellon ("BNYM") pursuant to Fed. R. Civ. P. 30(b)(6). The deposition will take place at the offices of Scott+Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Avenue, 40th Floor, New York, New York, 10174, at 9:30 a.m. on October 30, 2013

Pursuant to Rule 30(b)(6), BNYM's designee(s) to testify shall be qualified and prepared to testify during the examination fully and knowledgeably regarding the subject matters set forth in the attached Exhibit "A".

The deposition will be taken in accordance with and for all purposes permissible under the Fed. R. Civ. P., and will be recorded by stenographic and videographic means.

1

DATED: New York, NY
         October 25, 2013

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

*/s/ William C. Fredericks*

William C. Fredericks
Beth Kaswan
Max Schwartz
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Fax: 212-223-6334
Email: wfredericks@scott-scott.com
       bkaswan@scott-scott.com
       mschwartz@scott-scott.com

*Counsel for Plaintiffs*

# EXHIBIT A

I. <u>Definitions</u>

1. "Bank of America Corporation" or "BAC" means Bank of America Corporation including its agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliate.

2. "Bank of New York Mellon" or "BNYM" means Defendant Bank of New York Mellon including its agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliate.

3. "Countrywide" means Countrywide Financial Corporation ("CFC") including Countrywide Home Loans, Countrywide Securities Corporation, Countrywide Home Loan Servicing, LP, and CFC's other agents, officers, directors, employees, representatives, divisions, subdivisions, subsidiaries, predecessors, parents, subsidiaries and affiliates.

4. "Trusts" means the mortgage-backed securities ("MBS") trusts at issue in this Action.

II. <u>Deposition Subject Matter</u>

Pursuant to Rule 30(b)(6), BNYM shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. The transactions from July 2008 and November 2008 ("Transactions") through which Countrywide merged into a BAC subsidiary named Red Oak Corporation and through which BAC acquired substantially all of the assets and operations of Countrywide, while purportedly leaving Countrywide with its contingent liabilities including for repurchases of mortgage loans that breached representations and warranties Countrywide made to MBS trusts; any internal

deliberations at BNYM related to those Transactions; and any actions that BNYM took or considered taking related to those transactions.

      2. The lawsuit entitled *Bank of New York Mellon v. Countrywide Financial Corp.*, No. 3935-VCP (Del. Ct. Ch.), which BNYM brought on behalf of indenture trusts organized by Countrywide, following certain of the Transactions discussed in Point 1; the conduct of BNYM, BAC, and Countrywide which gave rise to that lawsuit; the settlement of that lawsuit, including BAC's agreement to assume the liabilities of Countrywide's servicing entities with respect to the trusts on whose behalf BNYM had sued; and any other matters at issue in that lawsuit.

      3. Any conduct, communications, or agreements by which BNYM, as Trustee of the Trusts, consented to or accepted BAC as the successor Master Servicer for the Trusts, following the Transactions discussed in Point 1; any internal deliberations at BNYM regarding such conduct, communications, or agreements; and any other actions that BNYM took or considered taking, as Trustee of the Trusts, regarding those Transactions.

      4. Each of the "subtopics" set forth in the annexed attachment to Plaintiffs' email to BNYM's counsel on September 20, 2013.

BONY MELLON SUB-TOPICS

- BNYM's knowledge, information and communications concerning the July 2008 and November 2008 Transactions (including any negotiations thereof and any earlier proposed or suggested versions thereof) (the "Transactions") -- and BNYM's bases for knowledge with respect to the same, including all documents regarding the same, including as to

    -- the actual or suspected reasons for such Transactions;

    -- Countrywide's actual or suspected financial condition at the time of such Transactions (including but not limited to any communications concerning the actual or potential risk that Countrywide or any of its affiliates was or might be insolvent and/or placed into bankruptcy, or that any such Transactions might constitute fraudulent conveyances or preferential transfers);

    -- any identification or discussion of any actual or potential conflicts in interest as between or among any of the MBS Trusts and any of Countrywide's creditors whose exposure to Countrywide was or might be significantly reduced or eliminated (de jure or de facto) as a result of any of the Transactions;

    -- BNYM's role in connection with the facilitation of any aspect of any such Transactions; including but not limited to:

        o BNYM's role(s) in connection with the direct or indirect transfer of billions of dollars in mortgage assets from Countrywide to NB Holdings Inc. and/or other BofA affiliates in July 2008

        o the negotiation of any actual or proposed new or supplemental indentures or similar governing instruments for any of the Corporate Notes, including those entered into on or about November 7, 2008;

- the "Series B" Noteholder action brought by BNYM against Countrywide in Delaware, its settlement (including the related tender offer), the events, circumstances and negotiations relating to BAC's ultimate agreement to assume CHL's and CFC's obligation on all of the Corporate Notes for which BNYM served as Trustee, and BNYM's bases for knowledge with respect to the same, including all documents regarding the same, including as to:

    -- the identities of and communications with representatives of the Series B Corporate Noteholders;

    -- any actual, possible or proposed expansion of the scope of the Series B litigation (or the bringing of separate litigation) for the benefit of Corporate Noteholders

(5)

      other than just the Series B Noteholders, or any other actual, possible or proposed ideas to otherwise potentially obtain relief for the benefit of such other Corporate Noteholders;

- the "blocking notice"

- the identities of, and communications with or relating to, any of the Corporate Noteholders other than the Series B Noteholders (including with respect to the Transactions and the "blocking notice");

- the negotiation of the settlement of the Series B action (including any alternative settlement terms or structures considered, including but not limited to with respect to (a) the terms and structuring of any tender offers potentially involving any Corporate Notes and (b) the terms and structuring of any assumptions of Countrywide liabilities, directly or indirectly, on any of the Corporate Notes by non-Countrywide BofA affiliates);

- negotiations and communications concerning the actual, potential or proposed implications of BofA's assumption of Countrywide's obligations on the Corporate Notes, including but not limited to BofA's actual or potential use of its assumption of Countrywide's obligations on such Notes as "currency" or "consideration" to pay (in whole or in part) for its acquisition of any Countrywide-owned assets;

- the consideration given by any person or entity to expanding, or seeking to expand, the scope of any actual or possible settlement to protect or advance the broader interests of one or more Corporate Noteholders;

- Countrywide's actual or suspected financial condition during the pendency of the Series B Noteholder action (including but not limited to any communications concerning the actual or potential risk that Countrywide or any of its affiliates was or might be insolvent and/or placed into bankruptcy);

- any identification or discussion of any actual or potential conflicts in interest as between or among the interests of any of the Corporate Noteholders or other Countrywide creditors and the interests of any of the MBS Trusts

- BNYM's consent to the change in Master Servicers following the Transactions – and BNYM's bases for its knowledge with respect to the same, including all documents regarding the same

[6]

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Plaintiffs' Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition was served this 25th day of October, 2013, upon the following via email and courier:

Matthew D. Ingber
Paula Garrett Lin
Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Email:  mingber@mayerbrown.com
        plin@mayerbrown.com
        choupt@mayerbrown.com

*Counsel for Defendant*

/s/ William C. Fredericks

William C. Fredericks
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Fax: 212-223-6334
Email: wfredericks@scott-scott.com

*Counsel for Plaintiffs*

7