# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON (as Trustee Under Various Pooling and Servicing Agreements), <br><br> Defendant. | 11-cv-05459 (WHP) |

### AFFIDAVIT OF MELISSA ADELSON

Pursuant to 28 U.S.C. § 1746, Melissa Adelson hereby declares:

1. I am currently employed at The Bank of New York Mellon ("BNYM" or the "Bank"). From 2007 until 2011, I served as Vice President of the Corporate Trust department and Mortgage Backed Securities Business Manager.

2. I respectfully submit this affidavit in support of BNYM's opposition to Plaintiffs' motion to compel documents otherwise logged as privileged. I have personal knowledge regarding the matters set forth in this affidavit because I have worked in the corporate trust department at BNYM for seven years and supervised the employees working on residential mortgage backed securities trusts, including the Countrywide team for four years. I am familiar with the content of the documents challenged by Plaintiffs as well as the purpose of those documents.

3. It is my understanding that Plaintiffs have challenged certain of BNYM's claims of privilege on the basis that (1) not all privilege log entries identify an attorney who participated in the privileged communication and (2) Plaintiffs believe attorneys acted in a business, instead of legal, capacity.

4.      At BNYM, it is the usual practice of the Corporate Trust department to discuss legal advice provided by internal or external counsel among those employees responsible for a particular task. These discussions often occur via email.

5.      It is also common practice for employees of the Corporate Trust department, to correspond among themselves via email regarding information that will be provided to BNYM's attorneys for the purpose of obtaining legal advice.

6.      I have reviewed the documents described in entries 48, 54, 66, 72, 96 158, 159, 180, 182 and 184, on BNYM's privilege log dated January 3, 2014 (the "privilege log"). All of these documents include BNYM's lawyers on the communications. It is the regular practice of employees of the Corporate Trust department of BNYM to include lawyers on communications such as these for the purpose of requesting or obtaining legal advice. In my experience, it is also common for employees of the Corporate Trust department to receive legal advice from BNYM's lawyers in emails similar to the documents I reviewed.

7.      It is not the practice of the Corporate Trust department to request business advice from BNYM's internal or external attorneys.

8.      Two specific categories of documents contained on the privilege log have been brought to my attention. I am knowledgeable regarding both categories of documents due to my responsibilities in the Corporate Trust department. The first category concerns documents that describe email communications and draft documents regarding investor/insurer inquiries regarding Countrywide Mortgage Back Securities Trusts and attorney involvement therein. (*See, e.g.,* entries 158, 159, 180, 182, and 184). In connection with these inquiries, attorneys advised employees in the Corporate Trust department on the Bank's legal obligations under the pooling and servicing agreements. Lawyers did not provide business advice related to these inquiries.

9. The second specific category of documents brought to my attention concerns email correspondence (including attachments) regarding certain documents on the privilege log with descriptions containing language similar to the following: "Documentation summarizing legal advice from outside counsel regarding various issues, such as repurchase requests and investor or insurer inquiries" or "Documentation created by internal counsel providing legal advice regarding various legal issues, such as repurchase requests and investor or insurer inquiries." (*See, e.g.,* entries 48, 54, 66, 72, and 96). These entries are referring to a document known internally within Corporate Trust as the "issues list." The purpose of the issues list was to request and record legal advice. The issues list was created for the purpose of soliciting legal advice at meetings with the Bank's attorneys and employees of the Corporate Trust department regarding RMBS issues, and functioned as an agenda at these meetings. All of the communications surrounding the issues list that I reviewed (entries 48, 54, 66, 72, and 96) were made for the purpose of requesting legal advice, and communications reflecting efforts by Corporate Trust employees to track, update, or otherwise maintain items in the issues list were performed in connection of our efforts to obtain legal advice. The attorneys who attended these meetings regarding RMBS issues provided legal advice on the issues identified in the issues list. This legal advice was then incorporated into the issues list and circulated via email among members of the Corporate Trust department as well as the Bank's attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       January 10, 2014

                                              Melissa Adelson

Sworn to before me this 10 day of January 2014.

_____
Notary Public

CHRISTINE S. CONWAY
Notary Public, State of New York
No. 01CO-4774419
Qualified in Queens County
Commission Expires 3/30/2014