UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, *et al.*, <br><br>                Plaintiffs, <br><br>        v. <br><br> THE BANK OF NEW YORK MELLON (as Trustee Under Various Pooling and Servicing Agreements), <br><br>                Defendant. | **Case No. 1:11-cv-05459 (WHP)** |

**MEMORANDUM OF LAW IN SUPPORT OF
THE BANK OF NEW YORK MELLON'S
<u>MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)</u>**

## TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

Preliminary Statement ..................................................................................................... 1

Argument ......................................................................................................................... 2

Legal Standard ................................................................................................................. 2

I.      The Order Turns On A Controlling Question Of Law ........................................ 2

II.     There Is Substantial Ground For Difference Of Opinion As To The Supplemental
        Jurisdiction Question ......................................................................................... 3

III.    Interlocutory Review Will Meaningfully Advance Termination Of The Litigation .......... 6

Conclusion ....................................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Balintulo v. Daimler AG*,
    727 F.3d 174 (2d Cir. 2013) ...............................................................................1

*Bild v. Konig*,
    2011 WL 4007895 (E.D.N.Y. Sept. 8, 2011) ....................................................2

*BlackRock Allocation Target Shares: Series S Portfolio v. Deutsche Bank
National Trust Co.*,
    No. 14-cv-9371 (S.D.N.Y. Jan. 19, 2016) .........................................................5

*Blackrock Allocation Target Shares: Series S Portfolio v. U.S. Bank Nat'l Ass'n*,
    2015 WL 2359319 (S.D.N.Y. May 18, 2015) ................................................4, 5

*Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat'l Ass'n*,
    95 F. Supp. 3d 703 (S.D.N.Y. 2015) .................................................................4

*Blakely v. United States*,
    276 F.3d 853 (6th Cir. 2002) .............................................................................3

*In re Currency Conversion Fee Antitrust Litig.*,
    2005 WL 1871012 (S.D.N.Y. Aug. 9, 2005) ....................................................3

*Figueiredo Ferraz Consultoria e Engenharia de Projeto Ltda., v. Republic of Peru*,
    2009 WL 5177977 (S.D.N.Y. Dec. 15, 2009) ..................................................6

*Fixed Income Shares: Series M v. Citibank N.A.*,
    ---F. Supp. 3d---, 2015 WL 5244707 (S.D.N.Y. Sept. 8, 2015) ........................5

*Houskins v. Sheahan*,
    549 F.3d 480 (7th Cir. 2008) .............................................................................3

*Kolari v. N.Y.-Presbyterian Hosp.*,
    455 F.3d 118 (2d Cir. 2006) ..............................................................................3

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*,
    771 F.3d 93 (2d Cir. 2014) ................................................................................3

*Lindsay v. Gov't Emps. Ins. Co.*,
    448 F.3d 416 (D.C. Cir. 2006) ..........................................................................3

*In re Perry H. Koplik & Sons, Inc.*,
    377 B.R. 69 (S.D.N.Y. 2007) ............................................................................4

*Primavera Familienstifung v. Askin,*
    139 F. Supp. 2d 567 (S.D.N.Y. 2001) ..........................................................................2

*Ret. Bd. of Policemen's Annuity & Benefit Fund of City of Chi. v. Bank of N.Y. Mellon,*
    2013 WL 593766 (S.D.N.Y. Feb. 14, 2013) ............................................................2, 3, 5, 6

*Retirement Board of the Policemen's Annuity & Benefit Fund of the City of*
    *Chicago v. Bank of New York Mellon,*
    775 F.3d 154 (2d Cir. 2014) .............................................................................1, 5

*Scott v. Chipotle Mexican Grill, Inc.,*
    2013 WL 5782440 (S.D.N.Y. Oct. 25, 2013) ............................................................2

**Statutes**

28 U.S.C. § 1292(b) ...................................................................................................*passim*

28 U.S.C. § 1367 ...................................................................................................2, 3, 5

## PRELIMINARY STATEMENT

The Bank of New York Mellon ("BNYM") respectfully requests that the Court certify its Order of December 18, 2015 for interlocutory review pursuant to 28 U.S.C. § 1292(b).

As the court is aware, plaintiffs owned mortgage-backed securities issued by trusts for which BNYM acts as trustee. Dkt. No. 179, at 2. Fourteen of these trusts are governed by Pooling and Service Agreements ("PSAs"), while one is governed by a Sale and Servicing Agreement ("SSA"). The plaintiffs assert both a federal-law claim pursuant to the Trust Indenture Act ("TIA") and state-law claims. In *Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014), the Second Circuit held that the TIA does not apply to PSA-governed trusts. Thus, only state-law claims remain in the case as to the fourteen PSA-governed trusts.

On remand, BNYM renewed its motion to dismiss the plaintiffs' claims for lack of supplemental jurisdiction, arguing in relevant part that the state-law claims asserted against the fourteen PSA-governed trusts do not arise out of the same "case or controversy" as the TIA claim against the SSA-governed trust. For this reason, BNYM contended that the Court may not exercise supplemental jurisdiction over these state law claims. The Court recently disagreed. *See* Dkt. No. 179, at 6-7. BNYM respectfully submits that this determination warrants interlocutory review by the Court of Appeals.

When the preconditions for interlocutory review under Section 1292(b) are met, district courts "should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (internal quotation marks omitted). Those preconditions—(1) a controlling question of law (2) as to which there is a substantial basis for a difference of opinion, (3) the resolution of which would materially advance the termination of this litigation—are

amply satisfied here. Indeed, the Court's decision in this case cannot be reconciled with a recent decision by Judge Forrest.

## ARGUMENT

### *Legal Standard*

Section 1292(b) permits appeal of an otherwise non-appealable interlocutory order, when the district court concludes that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

To satisfy the first prong of Section 1292(b)—whether the "decision contains a controlling question of law"—a movant must demonstrate that the issue is principally legal in nature. *Bild v. Konig*, 2011 WL 4007895, at *1 (E.D.N.Y. Sept. 8, 2011) (internal quotation marks omitted). The second prong, whether there is "substantial ground for difference of opinion," looks to whether there is "conflicting authority on the issue or that the issue is particularly difficult and is one of first impression for the Second Circuit." *Scott v. Chipotle Mexican Grill, Inc.*, 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) (internal quotation marks omitted). Finally, the third prong of the Section 1292(b) test is satisfied where the order, "'even though not resulting in dismissal, could significantly affect the conduct of the action.'" *Ret. Bd. of Policemen's Annuity & Benefit Fund of City of Chi. v. Bank of N.Y. Mellon*, 2013 WL 593766, at *5 (S.D.N.Y. Feb. 14, 2013) (Dkt. No. 63, at 10) (quoting *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)). For the reasons explained, the portion of the Order exercising supplemental jurisdiction over plaintiffs' state-law claims meets all three criteria.[1]

---

[1]   It is common for a court to certify an order for interlocutory appeal following the initial issuance of the order. *See, e.g.*, *Ret. Bd.*, 2013 WL 593766, at *5.

2

## I.     The Order Turns On A Controlling Question Of Law.

The threshold Section 1267(b) consideration—whether the state-law claims "form part of the same case or controversy" as the federal-law question (28 U.S.C. § 1367(a))—is a "question of law" as that term is used in Section 1292(b). Courts have broadly acknowledged that setting the scope of a case or controversy involves a legal determination; appellate review of the question, accordingly, is *de novo*. *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) ("We review a district court's supplemental jurisdiction ruling under 28 U.S.C. § 1367(a) *de novo*."); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 420 (D.C. Cir. 2006) ("Because the district court order was based on section 1367(a), we review its decision de novo."); *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002) ("We review a district court's determination as to whether it had supplemental jurisdiction over state law claims *de novo*.").[2]

Resolution of that question is "controlling" as it will materially affect this litigation. A ruling in BNYM's favor would result in the dismissal plaintiffs' claims against fourteen of fifteen trusts involved in this suit. Thus, "a prompt and authoritative disposition of the question is extremely important to the prudent management of the litigation." *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 1871012, at *3 (S.D.N.Y. Aug. 9, 2005) (internal quotation marks omitted). As this Court has previously held in this case, resolution of claims regarding the PSA trusts will significantly affect the conduct of this litigation, which qualifies as "controlling." *Ret. Bd.*, 2013 WL 593766, at *5.

---

[2]     To be sure, when the legal requirements of Section 1367(a) are satisfied and thus *permit* the exercise of supplemental jurisdiction, a district court nonetheless has discretion to decline supplemental jurisdiction, as set forth in Section 1367(c). *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) ("We review a district court's exercise of supplemental jurisdiction over state-law claims for abuse of discretion."). Put differently, the discretionary analysis of Section 1367(c)(3) is implicated only after "a district court's discretion" is first "triggered" by the legal determination required by Section 1367(a). *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

**II.    There Is Substantial Ground For Difference Of Opinion As To The Supplemental Jurisdiction Question.**

The second prong of the § 1292(b) test—whether substantial ground for difference of opinion exists—is also satisfied here. There is a "substantial ground for difference of opinion" when "there is conflicting authority on the issue" or when the issue "is difficult and of first impression." *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 74 (S.D.N.Y. 2007) (internal quotation marks omitted).

Here, there is a clear conflict among the courts of this district as to whether the TIA claim regarding the SSA trust shares "a common nucleus of operative fact" with the state-law claims asserted on the PSA trusts. As the Court noted in denying BNYM's motion to dismiss (Dkt. No. 179, at 6), its decision finding jurisdiction aligns with a recent decision of Judge Scheindlin. *See Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat'l Ass'n*, 95 F. Supp. 3d 703, 710 (S.D.N.Y. 2015).

But Judge Forrest has reached the opposite conclusion in materially identical circumstances. There, the plaintiffs pressed a "TIA claim as to the 33 indenture trusts and state law claims as to the 810 PSA trusts." *See Blackrock Allocation Target Shares: Series S Portfolio v. U.S. Bank Nat'l Ass'n*, 2015 WL 2359319, at *4 (S.D.N.Y. May 18, 2015). The court found that "the 33 indenture trusts 'have a different structure' from the 810 PSA trusts." *Id*. Moreover, "each of the 843 trusts at issue here is subject to different governing documents and includes different groups of loans." *Id*. Relying on the Second Circuit's decision in this case, Judge Forrest explained that, because "the misconduct alleged in the Complaint must be established 'loan-by-loan and trust-by-trust'—by reference to the documents underlying each trust and loan," "[t]here simply is no 'common nucleus' among the claims and the trusts here." *Id*. Here, too, there appears to be no dispute that the purely state-law claims on the fourteen PSA trusts

4

will require separate evidence about the loans in each of those trusts, the servicing of that trust, the losses experienced by that trust (and the trust's recovery in the Trustee's settlement with Countrywide), and the plaintiffs' purchase and sale history for that trust. None of *that* evidence, at least, will be relevant to the fifteenth trust, let alone the limited federal claim on that trust.

Moreover, Judge Forrest expressly considered the ground principally relied on by this Court—the alleged "common conduct of the trustee" (Dkt. No. 179, at 6)—and reached the opposite result. Although "[p]laintiffs argue that their 'claims derive from the same *conduct* of the defendant: U.S. Bank's systemic failure to enforce the Trusts' rights,'" Judge Forrest explained that "a general failure to act cannot justify supplemental jurisdiction because the question of whether that failure constitutes an actionable breach is a trust-specific inquiry." *See Blackrock Allocation*, 2015 WL 2359319, at *4 n.7 (citation omitted). Again quoting the Second Circuit's decision in this case, the court explained that "even proof that BNYM *always* failed to act when it was required to do so would not prove their case, because they would still have to show which trusts actually had deficiencies that required BNYM to act in the first place." *Id*. (internal quotation marks omitted).  Rather, as the Second Circuit held, "answering" the "questions" relevant to liability for some trusts cannot "answer the same questions" as to other trusts. *Ret. Bd.*, 775 F.3d at 162.

In this way, Judge Forrest held that the alleged common conduct of BNYM does not establish a "common nucleus of operative fact" as between the claims regarding the PSA and SSA trusts because that conduct does not give rise to the Plaintiffs' causes of action. A contrary rule would provide no limit at all, as it would permit a plaintiff to append virtually any RMBS-related state-law claim to a TIA action, asserting the most general failures or policies of a trustee. Section 1367(a) is not, as Judge Forrest held, so expansive.

At bottom, Judge Forrest explained that "[t]o allow 33 trusts to pull in another 810 would be to allow a federal tail to wag a state dog." *Blackrock Allocation*, 2015 WL 2359319, at *4. And that observation is just as true of Plaintiffs' assertion in this case that a one-trust tail should way the fourteen-trust dog. Because *Blackrock Allocation* is irreconcilable with the decision in this case, certification to the Second Circuit is warranted to provide a clear resolution of this disputed, important, and recurring question.[3]

## III.   Interlocutory Review Will Meaningfully Advance Termination Of The Litigation.

There can be little doubt that dismissal of the claims relating to fourteen of the fifteen trusts will meaningfully advance termination of the litigation. This element of the Section 1292(b) analysis is satisfied where the order, "even though not resulting in dismissal, could significantly affect the conduct of the action." *Ret. Bd.*, 2013 WL 593766, at *5 (internal quotation marks omitted). "While this action will continue irrespective of any ruling by the Court of Appeals, it may be considerably streamlined if" all but one of the trusts is dismissed. *Id.* As this Court has previously observed, "the prompt resolution of this issue on appeal may materially advance the termination of this litigation," notwithstanding that one of Plaintiffs' claims will remain, even if the Second Circuit rules in BNYM's favor. *Id.*

Additionally, the "district court should consider judicial efficiency when considering an application for interlocutory appeal." *Figueiredo Ferraz Consultoria e Engenharia de Projeto*

---

[3]   This Court's decision is also inconsistent with two other decisions that have declined to accept supplemental jurisdiction over common-law claims asserted against PSA-governed trusts as a matter of discretion. In *BlackRock Allocation Target Shares: Series S Portfolio v. Deutsche Bank National Trust Co.*, No. 14-cv-9371 (S.D.N.Y. Jan. 19, 2016) (Dkt. No. 95), Judge Berman concluded that the plaintiffs' "state law PSA Trust claims 'substantially predominate' over its Federal Law Indenture Trust claims." *Id.* at 9 (citation omitted). Likewise, Judge Furman concluded that, "because Plaintiffs will ultimately have to prove their claims loan-by-loan and trust-by-trust," "the state-law claims do 'substantially predominate[]' over the federal claims." *Fixed Income Shares: Series M v. Citibank N.A.*, --- F. Supp. 3d ---, 2015 WL 5244707, at *8 (S.D.N.Y. Sept. 8, 2015) (citation omitted).

*Ltda., v. Republic of Peru*, 2009 WL 5177977, at *1 (S.D.N.Y. Dec. 15, 2009). If this Court were to deny certification and the Second Circuit were to later hold, after lengthy discovery and an expensive trial, that fourteen of plaintiffs' fifteen groups of claims were not properly before the Court, the litigation would have resulted in an enormous waste of public and private resources. The existence of jurisdiction, accordingly, is a matter that is best settled definitively sooner rather than later.

## CONCLUSION

For the foregoing reasons, this Court should certify for interlocutory review a portion of its Order dated December 18, 2015, pursuant to 28 U.S.C. § 1292(b).

Dated:      January 29, 2016
            New York, New York

Respectfully submitted,

/s/ Matthew D. Ingber
Matthew D. Ingber
Paula Garrett Lin
Michael Martinez
Christopher J. Houpt
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

*Attorneys for Defendant*
*The Bank of New York Mellon*

7