USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-9-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                    :

RETIREMENT BOARD OF THE                      11 Civ. 5459 (WHP)
POLICEMEN'S ANNUITY AND             :
BENEFIT FUND OF THE CITY              MEMORANDUM & ORDER
OF CHICAGO, *et al.*,                          :

                  Plaintiffs,            :

                  -against-              :

THE BANK OF NEW YORK MELLON,  :

                  Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        The Bank of New York Mellon ("BNYM") moves to certify this Court's December 18, 2015 Memorandum & Order (the "December 18 Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). BNYM's motion is denied.

## BACKGROUND

        Familiarity with this Court's earlier opinions is presumed. See Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon, 914 F. Supp. 2d 422 (S.D.N.Y. 2012); Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of New York Mellon, No. 11-cv-5459 (WHP), 2014 WL 3858469 (S.D.N.Y. July 30, 2014). The December 18 Order held, among other things, that this Court could exercise supplemental jurisdiction over Plaintiffs' state-law claims because they "share a common nucleus of operative fact" with the TIA claim "such that [a] plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" Ret. Bd. of the Policemen's Annuity v. The Bank of New York

Mellon, No. 11-cv-5459, 2015 WL 9275680, at *3 (S.D.N.Y. Dec. 18, 2015) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). BNYM seeks interlocutory review of that holding.

## DISCUSSION

### I. Legal Standard

"Interlocutory appeals are strongly disfavored in federal practice. Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." Glatt v. Fox Searchlight Pictures Inc., No. 11-cv-6784 (WHP), 2013 WL 5405696, at *1 (S.D.N.Y. Sept. 17, 2013) (quoting In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)). Under 28 U.S.C. § 1292(b), district courts may certify an order for interlocutory appeal upon determining: "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Failure to meet any of these requirements warrants denial." Irridium Operating LLC v. Motorola, Inc., No. 01-cv-02952 (WHP), 2003 WL 21507196, at *1 (S.D.N.Y. June 30, 2003). Moreover, "even where the three legislative criteria of section § 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." Transp. Workers Union of Am., Local 100 v. NYC Transit Auth., 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal citations omitted).

II.   Controlling Issue of Law with Substantial Ground for Disagreement

"In determining whether a controlling question of law exists, the district court should consider whether . . . reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action." Glatt, 2013 WL 5405696, at *2 (quoting Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)). Moreover, "[a] Section 1292(b) appeal requires a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014); see also Stone v. Patchett, No. 08-cv-5171(RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) ("[T]he questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review."); Freeman v. Nat'l Broad. Co., No. 85-cv-3302 (LBS), 1993 WL 524858, at *2 (S.D.N.Y. Dec. 15, 1993) ("[M]ixed questions of law and fact are not appropriate for certification under § 1292(b).").

Plaintiffs do not dispute that dismissal of claims relating to fourteen of fifteen trusts would significantly affect the conduct of this case moving forward. However, they argue that the issue BNYM seeks to appeal is not a "pure" question of law in view of the "fact-based nature of the analysis." This argument misses the mark. The fact that this Court's decision was framed by the underlying factual allegations does not render the issue a mixed question of law and fact ineligible for certification under § 1292(b). See Kennedy v. St. Joseph's Ministries, Inc., 657 F.3d 189, 195 (4th Cir. 2011) ("[T]here is no doctrine counseling courts to avoid ruling on legal issues involving undisputed facts that are before them.") (emphasis in original).

However, the "fact-based nature" of this Court's analysis is relevant to whether BNYM has demonstrated that there is substantial ground for disagreement on the issue they seek to certify. BNYM asserts that there is an intra-District split regarding the broadly-framed issue of whether TIA claims arising from trusts governed by Sale and Servicing Agreements share "a common nucleus of operative fact" with state-law claims asserted as to PSA trusts. Four courts, including this one, have found that they do. See December 18 Order, 2015 WL 9275680, at *3–4; Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat'l Ass'n, 95 F. Supp. 3d 703, 709–10 (S.D.N.Y. 2015); Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842, 851–52 (S.D.N.Y. 2015); Blackrock Allocation Target Shares v. Deutsche Bank Nat'l Trust Co., No. 14-cv-9367(RMB), 2016 WL 269570, at *3 (S.D.N.Y. Jan. 19, 2016). Another court has found that they do not. See Blackrock Allocation Target Shares: Series S Portfolio v. U.S. Bank Nat'l. Ass'n, No. 14-cv-9401 (KBF), 2015 WL 2359319, at *4 (S.D.N.Y. May 18, 2015).

Certainly, an "intra-district split [may] show a substantial ground for difference of opinion." Glatt, 2013 WL 5405696, at *2. But the split identified by BNYM is illusory. In each of these cases, judges analyzed the facts at issue to determine whether there was a common nucleus of operative facts among the claims. Critically, as this Court noted in its December 18 Order, "[h]ere, the common nucleus of operative fact is demonstrably stronger than in Blackrock Balanced or Fixed Income Shares because all of the trusts at issue were sponsored by Countrywide affiliates and serviced by Countrywide Home Loans Servicing." 2015 WL 9275680, at *4 (emphasis added).[1] But in Blackrock Allocation v. U.S. Bank, the parties originating and servicing those loans varied across the 843 trusts at issue. Judge Forrest found

---

[1] Likewise, in Blackrock Allocation v. Deutsche Bank, Judge Berman noted that "many of the entities involved in the Indenture Trusts are also involved in the PSA Trusts." 2016 WL 269570, at *3.

that "plainly significant in what is, at its core, a breach of contract case." 2015 WL 2359319, at *4. As such, BNYM has failed to demonstrate a substantial ground for disagreement as to whether TIA claims arising from trusts governed by Sale and Servicing Agreements share "a common nucleus of operative fact" with state-law claims arising from PSA trusts where the entities that originated the loans, pooled them, securitized them and serviced them are virtually common across all of the trusts at issue. Thus, BNYM fails to meet its burden under 28 U.S.C. § 1292(b).

## CONCLUSION

BNYM's motion for certification of this Court's December 18, 2015 Memorandum & Order is denied.

The Clerk of the Court is directed to terminate the motion pending at ECF No. 188.

Dated: May 9, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J